UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PORFIRIO GARZA,

                    Plaintiff(s),

        v.

REGAL CINEMAS, et al.,

                    Defendant(s).

CASE NO. C25-1941-KKE

ORDER DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL

Plaintiff Porfirio Garza, a former employee at a Regal Cinemas theatre in Mountlake Terrace, moves to appoint Emery Reddy, PC ("Emery Reddy") as interim lead class counsel of this putative class action against Defendant Regal Cinemas, Inc ("Regal Cinemas"). Dkt. No. 21. For the reasons below, the Court will deny the motion without prejudice.

The appointment of class counsel typically occurs upon class certification absent a special justification. *See White v. TransUnion*, *LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006); *see also* Fed. R. Civ. P. 23 (c)(1)(B) ("An order that certifies a class action must define the class … and must appoint class counsel under Rule 23(g)."). Under Federal Rule of Civil Procedure 23(g)(3), however, a district court "may" appoint interim counsel to act on behalf of a putative class before determining whether to certify the class. Appointment of interim counsel is appropriate where "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. Such appointment is particularly well-suited to complex actions where

ORDER DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL - 1

"there are a number of overlapping, duplicative, or competing suits pending in other courts," and thus, "a number of lawyers may compete for class counsel appointment[.]"  Manual for Complex Litigation (Fourth) § 21.11 (2004).  If, on the other hand, "the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." *Id.*

In his motion, Garza argues that the Rule 23(g)(1) factors support appointment of the attorneys from Emery Reddy as interim counsel.  Dkt. No. 21 at 5–7.  Garza underscores that the Emery Reddy attorneys have diligently investigated and advanced this lawsuit, have unparalleled expertise in litigating class action lawsuits as well as employment and consumer actions, and will devote substantial resources to advancing the interests of the putative class.  *Id.*  Regal Cinemas does not dispute Emery Reddy's qualifications to proceed as class counsel.  Instead, Regal Cinema takes aim at the timing of Garza's motion and argues that the circumstances that warrant the appointment of interim counsel are not present in this case.  Dkt. No. 23 at 2–3, 5–6.  In his reply, Garza generally asserts that Rule 23(g) allows him to seek appointment of interim counsel "to prevent issues from arising."  Dkt. No. 25 at 1–2.

The Court agrees with Regal Cinemas, and is not persuaded that appointment of interim class counsel is warranted at this time.  "[T]he typical situation requiring appointment of interim class counsel is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court."  *Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (citation and quotations omitted).  This case, however, does not present such a situation.  Garza does not assert that either a large number of putative class actions are pending or have been consolidated.  To the contrary, Garza concedes that, to his knowledge, "this is currently the only lawsuit against [Regal Cinemas]" for the claims brought in this action.  Dkt. No. 21 at 3, Dkt. No. 22 ¶ 4 (counsel for Emery Reddy confirming

ORDER DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL - 2

that "no other class action complaints against [Regal Cinemas] have been filed on behalf of a putative class for the[] same allegations" brought here).  At present, Garza's concerns about overlapping or competing "copycat" class suits appear to be purely speculative.  *See* Dkt. No. 21 at 2–4, Dkt. No. 25 at 2 (gesturing at "increasingly common 'copycat' lawsuits," but identifying no such actually pending lawsuit that creates a risk overlapping claims).  That copycat lawsuits in general are becoming increasingly common "does not present special circumstances warranting the appointment of interim counsel."  *In re Nest Labs Litig.*, 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014) (denying motion to appoint interim counsel where the plaintiffs merely "allude[d] to potential other 'tag-along' lawsuit[s] on the horizon").

"[N]or is there a gaggle of law firms jockeying to be appointed class counsel[.]"  *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007).  Here, as Regal Cinemas points out, "Emery Reddy is lead counsel by default," as no other law firm has sought appointment of counsel in this matter.  Dkt. No. 23 at 3.  Because there are "no competing lawsuits or firms," the Court declines to exercise its discretion to appoint interim class counsel at this time.  *See In re Seagate Tech. LLC Litig.*, 16-CV-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) (collecting cases).

For the foregoing reasons, Garza's motion to appoint interim class counsel is DENIED without prejudice.

Dated this 22nd day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION TO APPOINT INTERIM CLASS COUNSEL - 3